IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | No. 3:09-CR-00080-JO |
| v. | ) | |
| | ) | SENTENCING OPINION |
| Christian Durr | ) | |
| Defendant. | ) | |

JONES, J.

## BACKGROUND

In 2010, defendant Christian Durr (Durr) plead guilty (#26) to Counts 1 and 7 of the Indictment (# 1). At sentencing, the parties agreed that Durr's conviction on Count 7 subjected him to a mandatory minimum 15-year sentence under the Armed Career Criminal Act (ACCA). The parties also agreed that Durr qualified for an advisory guideline enhancement as a career offender on Count 1. Ultimately, the parties jointly recommended and the judge imposed concurrent terms of 180 months imprisonment. While defendant was serving his sentence, the United States Supreme Court issued a ruling invalidating the ACCA residual clause. *Johnson v. United States*, 135 S. Ct. 2551 (2015). Durr filed a motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255. (# 35) The parties filed a stipulation in which they agreed that Durr no longer qualified as an Armed Career Criminal. Thereafter, pursuant to the parties'

1 Sentencing Opinion

stipulation, I vacated his previously imposed sentence and ordered Durr be resentenced. (#44, 45).

At resentencing, the government contends that even though Durr was no longer an Armed Career Criminal, he still qualified as a career offender under United States Sentencing Guidelines (U.S.S.G.) § 4B1.1 for purposes of sentencing on Count 1, Possession with Intent to Distribute Methamphetamine, and his sentencing guideline range would be 151-180 months. Durr counters that he no longer qualifies as a career offender because the state offenses underlying his prior convictions do not match the applicable federal standards for a "crime of violence" or a "controlled substance offense." Thus, his guideline range is controlled by the Drug Quantity Table in U.S.S.G. § 2D1.1, which produces a base offense level of 22 and a guideline range of 77-96 months. At the time of resentencing, Durr had been incarcerated for more than 98 months.

## STANDARD OF REVIEW

The government has the burden to prove that a prior conviction qualifies as a career offender predicate. *United States v. Lee*, 704 F.3d 785, 89 (9th Cir. 2012).

The career offender guideline increases a defendant's offense level if the current offense is a "crime of violence" or a "controlled substance offense" and the defendant has already been convicted of committing two or more such offenses. U.S.S.G § 4B1.1 (2016).[1] Section 4B1.1 of the Guidelines defines the terms:

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

---

[1] Pursuant to U.S.S.G. § 1B1.1 I apply the Guidelines manual in effect on the date that the defendant is sentenced.

2 Sentencing Opinion

(1) Has an element the use, attempted use, or threatened use of physical force against the person of another, or,

(2) Is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

(b) The term "controlled substance offense" means an offense under federal or state law punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export distribute, or dispense.

Application Note 1 in the Commentary to § 4B1.1 states, "'Crime of violence' and 'controlled substance offense' include the offenses of …attempting to commit such offenses."

To determine whether a prior conviction qualifies as a career offender predicate, courts apply the three-step "categorical approach" as set forth in *Taylor v. United States*, 495 U.S. 575 (1990), *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016). First, the court examines the elements of the state predicate crime to assess whether the elements of the state crime are the same as or narrower than the elements of the federal offense. See *United States v. Dixon*, 805 F.3d 1193, 95 (9th Cir. 2015). If the state crime is a categorical match, then every conviction under that statute qualifies as a violent felony predicate. If, however, a statute criminalizes conduct that goes beyond the elements of the federal offense, the court proceeds to the second step and determines whether the statute is divisible or indivisible. *Dixon*, 805 F.3d at 1198. If the statute is indivisible, the inquiry ends because a conviction under an indivisible, overbroad statute can never serve as a predicate offense. If the overbroad statute is divisible, the court proceeds to step three, the modified categorical approach. At this step, the court examines documents from the defendant's record of conviction to determine which elements of the divisible statute he or she was convicted of

violating. See, *Lopez-Valencia v. Lynch*, 798 F.3d 863, 67-68 (9th Cir. 2015). If defendant was convicted of a particular subsection of the statute that satisfies the definition of "crime of violence," then that particular conviction will qualify as a crime of violence under Guideline 4B1.2.

## DISCUSSION

Here, the government contends that Durr has two qualifying predicates: (1) Attempted Robbery I in violation of ORS 164.415 and (2) Delivery of a Controlled Substance II in violation of ORS 475.890. If either prior conviction fails to qualify as a "crime of violence," Durr no longer qualifies as a career offender.

To determine whether Durr's conviction is a "crime of violence", I first examine the elements of Oregon's Attempted Robbery I to assess whether the elements of the state crime are the same as or narrower than the elements of the federal offense. Because Durr's crime is an "attempt" crime, this first step of the categorical approach requires two related analyses: first, I assess whether Durr's conviction established that he committed the elements of the generic definition of "attempt," and, if so, whether he also committed the generic elements of the underlying offense, in this case, generic robbery. If, however, I find that the elements of the generic definition of "attempt" are overbroad, I do not need to assess the elements of the underlying offense.

In *Sandoval v. Sessions*, No. 13-71784, 2017 WL 3400955 (9th Cir. Aug.8, 2017), the Ninth Circuit assessed the elements in a case involving an attempt to deliver controlled substance. The Court, using the categorical approach, ruled that Oregon's definition of attempt is broader than federal generic attempt. *Sandoval* at *3. While the crime in *Sandoval* involved an attempt to deliver a controlled substance, the Court did not limit its discussion of attempt to

the drug context.[2] Pursuant to *Sandoval*, I find the Oregon attempt statute overbroad. Because I find the Oregon attempt statute overbroad, I do not need to proceed to the related analysis to determine whether the generic elements of the underlying offense of generic robbery.

The second step of the categorical approach is to determine whether the Attempted Oregon Robbery I statute is "divisible." A "divisible" statute is one that supplies "multiple, alternative elements of functionally separate crimes," in contrast to criminalizing "multiple alternative means" of the same crime. *Dixon*, 805 F.3d at 1198. "Only divisible statutes are subject to the modified categorical approach. '[D]ivisibility hinges on whether the jury must unanimously agree on the fact critical to the federal statute.' Such critical facts are 'elements,' which are the 'things the prosecution must prove to sustain a conviction.'" *Sandoval* at *8.

Oregon's Robbery I ORS 164.415(1)(b) provides:

> (1) A person commits the crime of robbery in the first degree if the person violates ORS 164.395 [robbery in the third degree] and the person
>     (a) Is armed with a deadly weapon;
>     (b) Uses or attempts to use a dangerous weapon; or
>     (c) Causes or attempts to cause serious physical injury to any person.

The government and Durr agree the statute in this case is divisible. We turn to the modified categorical approach to determine whether Durr's conviction qualifies as a "crime of violence."

Here, the record does not establish which subsection of the robbery statute Durr was convicted of violating. The documentation provided by the government fails to prove which subsection of the Oregon Robbery I statute was involved in Durr's conviction. The judgment of

---

[2] I find Judge Hernandez's recent decision in this district in *United States v. Freeman*, 3:15-cr-00448-HZ, informative. Judge Hernandez applied the reasoning in *Sandoval*, that Oregon's attempt definition is broader than the federal definition, to another attempt crime, that of Attempted Assault II, and determined the conviction did not qualify as a crime of violence. (#90, p.16)

conviction does not identify subsection (b) or (c), (Gov't Ex. 2 at 4-5) and the indictment charges Durr with Oregon Robbery II and not Oregon Robbery I. Without knowing under which subsection on the statute Durr was convicted, I cannot find his Attempted Robbery I conviction to be a "crime of violence." [3]

## CONCLUSION

Based on the categorical and modified categorical approach set forth above, Durr's prior conviction for Attempted Robbery I does not qualify as a "crime of violence." Because he lacks two predicate offenses, he does not qualify as a career offender. For sentencing purposes, see the formal judgment entered in this case. (# 53).

Dated this 11th of September, 2017

Judge Robert E. Jones
United States District Court Judge

---

[3] Even if the record clearly showed which subsection of the Robbery statute Durr was convicted of violating, the Oregon Robbery I statute may not be a categorical match to the federal crime. See United States v. Strickland, 860 F.3d 1224,27 (9th Cir. 2017).